UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


ELIGIO CEDEÑO,                                    Case No. 1:25-cv-24918-FAM

      Plaintiff,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA

      Defendant.

_____/

**DECLARATION OF C. RYAN REETZ**
**CONCERNING SERVICE OF PROCESS**


I, C. Ryan Reetz, declare under penalty of perjury as follows:

1.     I am over eighteen years of age and reside in the State of Florida.  The statements in this declaration are made upon personal knowledge and are true and correct.

2.     I am counsel to plaintiff Eligio Cedeño in this action.

3.     On May 6, 2026, I presented to the Clerk of the Court the letter to the U.S. State Department attached as Exhibit 1, along with the various enclosures described in the letter (cashier's check, notice of suit, summons, complaint with exhibits and civil cover sheet, and corresponding translations), all to be mailed to the U.S. State Department pursuant to 28 U.S.C. § 1608(a)(4) for service upon the Bolivarian Republic of Venezuela.

4.     After reviewing the materials with me, the clerk's office sealed the materials into a box addressed to

     U.S. Department of State – Attn: FSIA

     L/CA/POG/GC, SA-17, 10th Floor

     Washington, DC 20522-1710

with the clerk's office address listed as the return address.

5.      Consistent with the Clerk's office procedures for FSIA mailings, I caused the box to be sent as addressed via certified mail, return receipt requested.  A copy of the certified mail receipt is attached as Exhibit 2.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 6, 2026.

By:_____
                    C. Ryan Reetz

# EXHIBIT 1



Bryan Cave Leighton Paisner

May 6, 2026

BRYAN CAVE LEIGHTON PAISNER LLP
200 South Biscayne Boulevard
Suite 400
Miami  FL 33131 5354
T: +1 786 322 7500
F: +1 786 322 7501
bclplaw.com

C. Ryan Reetz
Partner
Direct:   +1 786 322 7370
ryan.reetz@bclplaw.com

U.S. Department of State
L/CA/POG/GC, SA-17, 10ᵗʰ Floor
Washington, D.C. 20522-1710
Attn: FSIA

**BY US MAIL (FROM THE CLERK OF THE COURT)**

**Re:      Request for Service of Process Pursuant to 28 U.S.C. § 1608(a)(4) (FSIA)
in *Cedeño v. Bolivarian Republic of Venezuela,* (S.D. Fla. Case No. 1:25-cv-24918-
FAM)**

Dear FSIA team members:

On behalf of the plaintiff in the referenced matter, Mr. Eligio Cedeño, we respectfully request that the Department of State serve process (including the enclosed summons, complaint, notice of suit attaching the FSIA, and respective Spanish-language translations) on the Bolivarian Republic of Venezuela pursuant to 28 U.S.C. § 1608(a)(4).  By means of this letter and its attachments, I am certifying that the requirements for service under subsection (a)(4) have been met and that the case is ripe for service under that subsection.  In connection with our request, we have enclosed, pursuant to 22 C.F.R. 22.1, a cashier's check payable to "U.S. Department of State" in the amount of $2,275.00.

The full style of the case in question is *Eligio Cedeño v. Bolivarian Republic of Venezuela,* Case No. 1:25-cv-24918-FAM, pending in the United States District Court for the Southern District of Florida.  We have enclosed for purposes of service under Section 1608(a)(4) two copies each of the following materials:

> a) summons (and translation),
>
> b) complaint, including civil cover sheet and exhibits (and their respective translations), and
>
> c) notice of suit (in the form prescribed under 22 C.F.R. 93.2), with attached full text of the FSIA (including translations).

The matter is now ripe for service of process under Section 1608(a)(4) for the following reasons.

With respect to Section 1608(a)(1), no special arrangement exists for the service of process between plaintiff and the defendant Republic.  As reflected in Exhibit "A" to this letter, plaintiff's counsel wrote to members of the US-recognized National Assembly in October 2025, seeking to obtain agreement to such a special arrangement, but no response was received.

With respect to Section 1608(a)(2), plaintiff sought to deliver materials to Venezuela's Central Authority for in-person service upon the government pursuant to the Hague Service Convention.  However, mail service to Venezuela has been suspended since January 2026.  As detailed in the accompanying declarations of Isaura Mendoza attached as Exhibit "B" to this letter, when it was not possible to send the

U.S. Department of State, L/CA/POG/GC, SA-17
May 6, 2026
Page 2



materials by mail, UPS, FedEX, or DHL, plaintiff attempted to send them to the Venezuela Central Authority by private courier service.  The initial delivery was refused by the Central Authority on the ground that Venezuela and the U.S. did not have a good relationship, and the courier was sufficiently intimidated that he became unwilling to make continued delivery attempts – or even to provide a written statement concerning his experiences.

With respect to Section 1608(a)(3), plaintiff understands from both the "Venezuela Judicial Assistance Information" webpage on the State Department website[1] and from the relevant status table on the Hague Conference on Private International Law Website[2] that Venezuela has objected to service by postal channels under Article 10 of the Hague Service Convention.

Accordingly, it is necessary to make service of process upon Venezuela pursuant to Section 1608(a)(4), and we respectfully request the Department's assistance in that regard.

Thank you for your anticipated assistance.  Should you require any additional information, please do not hesitate to contact me.

Very truly yours,

**C. Ryan Reetz**
Partner

CR

---

[1]     https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/VenezuelaBolivarianRepublicof.html

[2]     https://www.hcch.net/en/instruments/conventions/status-table/?cid=17., https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=429&disp=resdn



BRYAN CAVE LEIGHTON PAISNER LLP
200 South Biscayne Boulevard
Suite 400
Miami  FL 33131 5354
T: +1 786 322 7500
F: +1 786 322 7501

bclplaw.com

# EXHIBIT A



BRYAN CAVE LEIGHTON PAISNER LLP
200 South Biscayne Boulevard
Suite 400
Miami  FL 33131 5354
T: +1 786 322 7500
F: +1 786 322 7501

bclplaw.com

Pedro J. Martinez-Fraga
*Partner*
Tel.  +786 322 7373
pedro.martinezfraga@bclplaw.com

29 de octubre de 2025

## MEDIANTE ENTREGA EN MANO
## Y FEDERAL EXPRESS

Fernando Blasi                                         René Uzcátegui
3470 NW 82ND Ave, Suite #605                          11534 Rhyme Avenue
Doral, FL, 33122                                       Orlando, FL 32832
                                                       (Federal Express)

Gustavo Marcano Antúnez
16251 Golf Club Road # 112
Weston, FL 33326

Re:   Eligio Cedeño v. Bolivarian Republic of Venezuela
      U.S.D.C., S. D. of Florida Case No.:   1:25-cv-24918-FAM

Muy distinguidos y respetados Señores Diputados de La Asamblea Nacional de la República Bolivariana de Venezuela:

Señores Blasi, Antúnez, y Uzcátegui,

A través del presente tengo de bien comunicarles a cada uno de Ustedes copia del ejemplar de la demanda entablada en el tema de referencia contra la República Bolivariana de Venezuela ("Venezuela"). La misma ha sido depositada ante el Tribunal Federal de Estados Unidos de América en el Distrito Sur de la Florida.  De modo que forma parte de los archivos públicos.

La demanda y sus anexos se les comunica como medida colateral al proceso de notificar formalmente al legítimo gobierno de Venezuela reconocido por Estados Unidos y otros estados que desde ya repudian la legitimidad del gobierno encabezado por Nicolás Maduro Moros.

Esta notificación no pretende sustituir el procedimiento de notificación de comparecencia formalmente codificado en el Estatuto 28 U.S.C. § 1608.  Los tribunales federales de Estados Unidos, no obstante, exhortan a las partes a colaborar en materia de notificación de comparecencia. Así las cosas, se les invita por este medio aceptar notificación formal de comparecencia o en su alternativa, a proponer una metodología a fin de maximizar eficiencias y minimizar costos y demoras innecesarias.

29 de octubre de 2025
Página 2



**BCLP.**
Bryan Cave Leighton Paisner

Si es que la Asamblea Nacional elige no llegar a un acuerdo y/o elige intentar evadir oficialmente notificación de comparecencia, rogamos que como medida de cortesía al Tribunal y a las partes tengan la delicadez de comunicar por escrito dicha determinación.

Sin ningún otro particular, se les invita a que notifiquen al suscrito cuanto antes posible.

Muy respetuosamente,

Pedro J. Martinez-Fraga

PMF/nl

Adjuntos

cc:     C. Ryan Reetz



# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ELIGIO CEDEÑO,                                    Case No. 1:25-cv-24918-FAM

      Plaintiff,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA

      Defendant.

_____/

**DECLARATION OF ISAURA GARCIA MENDOZA
CONCERNING SERVICE OF PROCESS**

I, Isaura Garcia Mendoza, declare under penalty of perjury as follows:

1.     I am over eighteen years of age and reside in the State of Florida. The statements in this declaration are made upon personal knowledge and are true and correct.

2.     I currently supervise the General Services department at the Bryan Cave Leighton Paisner LLP office located at 200 S. Biscayne Blvd., Suite 400, Miami, FL 33131.

3.     On January 9, 2026, I was asked to deliver a package containing the following materials in this case (the "Materials"):

--Solicitud de Notificación o Traslado en el Extranjero de un Documento Judicial o Extrajudicial / Request for Service Abroad of Judicial or Extrajudicial Documents;

--Civil Cover Sheet;

--Summons;

--Complaint and Exhibits; and

--Spanish translations

via USPS mail to the following recipient:

Ministerio del Poder Popular para Relaciones Exteriores
Dirección del Servicio Consular Extranjero
Edificio Anexo de la Torre MRE, piso 1
Avenida Urdaneta – Esquina Carmelitas a Puente Llaguno
Caracas 1010 VENEZUELA

4. Almost immediately, the package was prepared and taken to the USPS office located at 500 NW 2nd Avenue, Miami, FL 33131 for its delivery.

5. Once there, the postal service clerk refused the package, explaining that regular USPS shipments to Venezuela had been stopped and that there was no certainty when these services would be renewed.

6. Thereafter, I proceeded to investigate which carriers had deliveries to that country and went to the various available FedEx, UPS and DHL offices, all of which informed me that they were not providing service to Venezuela.

7. Due to the lack of available service to Venezuela, I proposed the alternative of using a door-to-door carrier company with which I was familiar, HPF USA Corp, located in Doral, Florida.  On January 15, 2026, I sent the package to HPF USA for onward delivery to the Recipient.

8. On January 16, 2026, I received confirmation that the package had been sent to Venezuela and was advised that its delivery would take between one or two weeks, due to the lack of direct flights between Venezuela and the United States.

9. On January 27, 2026, I was advised to contact HPF USA's designated delivery person in Venezuela, Mr. Roberto Diaz, a dispatcher for HPF USA in Venezuela.

10. That day I communicated with Mr. Diaz by WhatsApp. He confirmed having received the package, which I had sent to the attention of Mrs. Yoimara Aurimar Meléndez Moro, in her capacity as Director General of the Ministry of People's Power for Foreign Affairs of Venezuela, located at the address stated in paragraph 2 above.  Mr. Diaz agreed to keep me updated on the delivery process throughout the day.

11.     At 4:47pm that day (January 27, 2026), I received a call from Mr. Diaz. He informed me that he had attempted to make the delivery and, upon arrival at the site at approximately 12:30pm, he was let inside through a back door of the building into a reception area by a security officer who had a distinct Cuban accent. Mr. Diaz said that he was kept waiting inside until approximately 2:00pm, while the guard placed a call and took photographs of the package that were sent to the other person in the conversation. After sending these photos, the guard gave Mr. Diaz a visitor's pass and directed him to the specific office of the Ministry of People's Power for Foreign Affairs, where he was being awaited. Mr. Diaz explained that he was received there by a woman whom he presumed to be Mrs. Meléndez Moro. This woman took the delivery note (waybill) and walked toward a nearby staircase. Upon returning, the woman handed back the waybill and told Mr. Diaz she could not accept the box, because it originated from the United States of America, a country with which the Venezuelan government did not maintain good relations.

12.     Mr. Diaz explained that he felt that he had no choice but to leave the premises without completing the delivery. He also mentioned that he did not press further because the situation in Venezuela remains hazardous, dangerous, and highly uncertain, that risks of an arbitrary detention and abuse are high and persistent, and that acts of violence can be perpetrated by both government security forces and/or violent criminal elements. He said (in Spanish), "one can never distinguish who is who between these two."

13.     Mr. Diaz later reported to me that, despite these concerns, he returned to the government office on February 20, 2026 to complete the delivery. However, the facility

was closed, presumably in observance of the national Carnival holidays, for which specific dates of operation are subject to the discretion of each institution.

14.     During the following days, Mr. Diaz informed me that he was fearful of continuing to attempt to make the delivery, in light of the initial response received by government employees at the Ministry of People's Power for Foreign Affairs of Venezuela, and the risks involved in doing so.  His expressions of anxiety became stronger over time.

15.     I attempted to obtain a signed statement from Mr. Diaz describing his experiences in attempting to make the delivery.  At first, he agreed to sign, but his willingness to do so declined over time. He stopped answering my calls and those of his superiors from the company in Doral, who had told me about their having also reached out to him to learn more about the situation.

16.     In light of the inability to proceed further with Mr. Diaz, it was decided on March 18, 2026 that he would turn the documents over to a designated person in Venezuela for their destruction.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 1st, 2026.

By: _____
ISAURA GARCIA MENDOZA

4

# EXHIBIT 2



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Washington, DC 20522

| Certified Mail Fee | $5.30 | |
| --- | --- | --- |

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage    $32.50

$

Total Postage and Fees
$37.80

$

Sent To        **U.S. Department of State – Attn: FSIA**

Street and Ap    **L/CA/POG/GC, SA-17, 10th Floor**

City, State, Zi    **Washington, DC 20522-1710**

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

05/06/2026